**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | **MDL NO. 07-1879** |
| **IN RE STERLING FINANCIAL** | : | |
| **CORPORATION SECURITIES** | : | |
| **CLASS ACTION** | : | |
| | : | **CIVIL ACTION NO. 07-2171** |
| | : | |
| | : | |
| | : | |

**M E M O R A N D U M**

STENGEL, J.                                                            December      , 2007


I.    BACKGROUND

        Presently pending before the Court are numerous motions for consolidation,

appointment of lead plaintiff, and appointment of lead counsel, filed in one or more of the

nine securities class action suits[1] centralized in this Court by the United States Judicial

_____

        [1]See Transfer Order, Civ. A. No. 07-2171 (Docket #29).  Pursuant to 28 U.S.C. § 1407,
the Judicial Panel on Multidistrict Litigation is empowered to transfer, for coordinated or
consolidated pretrial proceedings, complex civil actions involving common questions of fact.
The following Eastern District of Pennsylvania Civil Action Nos. have been assigned to the
Sterling litigation cases:

        Buckwalter v. Sterling Financial, Civ. A. No. 07-2171
        Simpson v. Sterling Financial, Civ. A. No. 07-2497
        Miller v. Sterling Financial, Civ. A. No. 07-2694
        Stoudt v. Sterling Financial, Civ. A. No. 07-2914
        Haas v. Sterling Financial, Civ. A. No. 07-3094
        Macrina v. Moyer, Civ. A. No. 07-4744
        Johnson v. Sterling Financial, Civ. A. No. 07-4787
        Cooley v. Sterling Financial, Civ. A. No. 07-4788
        Castle Strategic Trading v. Moyer, Civ. A. No. 07-4726

Panel on Multidistrict Litigation ("JPML").  All of the actions arise out of allegations that

Sterling Financial Corporation[2] issued materially false and misleading statements relating

to its wholly-owned subsidiary, Equipment Finance LLC ("EFI"), which artificially

inflated Sterling's stock price in violation of federal securities laws.[3]  The cases are all

brought on behalf of purchasers of Sterling common stock between April 27, 2004 and

May 24, 2007 (the "class period").  According to the plaintiffs' allegations, Sterling's

false and misleading statements caused the company's stock to trade at artificially inflated

prices, which resulted in damage to stock purchasers who relied on Sterling's fraudulent

financial statements.

Pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by

the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the four moving

parties[4] each seek to be appointed lead plaintiff, and for the court to approve their

---

[2]Sterling Financial Corporation is a financial services company based in Lancaster, Pennsylvania.  Sterling is a publicly traded company that lists its shares on the NASDAQ stock market under the symbol "SLFI."

[3]The original actions arise under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

[4]The following four parties have motions still pending in one or more action (listed together with that party's loss estimate and number of shares held):
1. New Mexico Funds ($1,274,881.83; 118,600 shares)
2. San Antonio and St. Louis ($393,409.49; 34,520 shares)
3. District No. 9, I.A. of M. & A.W. Pension Trust ($94,493.02; 15,200 shares)
4. Sterling Investor Group ($35,570.15; 2375.798)
Three parties have formally withdrawn their motions to serve as lead plaintiff (listed with the Civil Case No. and docket entry number of the withdrawal):

selection of lead counsel and liaison counsel.  See 15 U.S.C. § 78u-4(a)(3)(B).  Each

moving party has also requested that the separate actions be consolidated under Federal

Rule of Civil Procedure 42(a).  After reviewing the moving papers and considering oral

arguments offered at a hearing held on December 18, 2007, I will grant the motion of the

New Mexico Funds in all respects, consolidating the actions, appointing the New Mexico

Funds as lead plaintiffs, and approving their selection of lead and liaison counsel, filed in

Buckwalter v. Sterling Financial, Civ. A. No. 07-2171 (Document #14).

## II.   CONSOLIDATION

Under Federal Rule of Civil Procedure 42(a):

> When actions involving a common question of law or fact are pending
> before the court, it may order a joint hearing or trial of any or all of the
> matters in issue in the action; it may order all the actions consolidated; and
> it may make such orders concerning proceedings therein as may tend to
> avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).  The PSLRA also makes provision for the consolidation of

securities class actions centered on the same set of facts and legal issues.  15 U.S.C. §

78u-4(a)(3)(B)(ii); see, e.g., Janovici v. DVI, Inc., No. 03-4795, 2003 U.S. Dist. LEXIS

22315, at *11-13 (E.D. Pa. Nov. 25, 2003) (consolidating securities class actions).  Rule

42(a) grants the court broad discretion to consolidate actions in order to "facilitate the

---

1.   Paul A. Miller and Regina A. Miller (MDL Docket No. 07-1879,
     Document #8)
2.   Castle Strategic Trading (Civ. A. No. 07-2171, Document #37)
3.   Kenneth Smith (MDL Docket No. 07-1879, Document #7)

administration of justice." <u>Smithkline Beecham Corp. v. Geneva Pharmaceuticals, Inc.</u>,
2001 U.S. Dist. LEXIS 17434, 18-19 (D. Pa. 2001).  It is proper to consider a motion for
consolidation before considering motions for lead plaintiff.  15 U.S.C. 78u-4(a)(3)(B)(ii)
(The court shall not appoint a lead plaintiff until "after such decision [on the motion to
consolidate] is rendered.").

The nine cases brought together before this court under MDL Docket number 07-
1879 share identical facts, legal claims, and class periods.  Each moving party has also
specifically requested consolidation, citing the benefits of streamlining this litigation and
avoiding unnecessary, repetitive filings.  Maintaining separate actions will inevitably
result in the waste judicial resources and create administrative confusion for both the
court and the parties.  Consolidation would therefore facilitate the administration of
justice and promote judicial economy without any foreseeable prejudice.  Accordingly, I
will grant the motion to consolidate filed by the New Mexico Funds in <u>Buckwalter v.
Sterling Financial</u>, Civ. A. No. 07-2171 (Document #14).

## III.   LEAD PLAINTIFF

### A.     *PSLRA: General Considerations*

The gravamen of the PSLRA is the prevention of frivolous securities class actions,
brought on behalf of "professional plaintiffs," or those without a genuine interest in the
securities at issue.  <u>See</u> MANUAL FOR COMPLEX LITIGATION, FOURTH 531 (2004).  Thus,
the determination of who will serve as lead plaintiff(s) is central to the goals of the

statutory framework governing securities class actions.

Though central, the determination of lead plaintiff is left remarkably open to interpretation in the statute.  "As a result [of this lack of statutory guidance], the courts have wrestled with the interpretation of the lead plaintiff provisions in light of the legislative goal to remedy lawyer-driven lawsuits." MANUAL FOR COMPLEX LITIGATION, FOURTH 531 (2004).  The analysis under the PSLRA can be summarized as follows: (1) the presumptive lead plaintiff is that "person or group of persons" with the greatest financial interest who also satisfies the traditional adequacy and typicality requirements of Federal Rule of Civil Procedure 23; (2) the presumptive lead plaintiff must also meet certain statutorily-mandated notice and certification requirements; (3) competing plaintiffs may attempt to rebut the presumption of adequacy on the ground that either the plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that impair the plaintiff's ability to do so.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii) (2000).

## B.   *Presumptive Lead Plaintiff*

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).  In this case, by a significant margin, the New Mexico Funds have the largest financial interest.[5]

_____

[5]None of the moving parties dispute this point, nor does any motion remaining before this court contest that the New Mexico Funds qualify as lead plaintiff under the PSLRA, satisfying all

Further requirements that must be met include: (1) a sworn plaintiff certification; (2) special notice requirements; and (3) the satisfaction of Federal Rule of Civil Procedure 23 traditional qualifications of (a) typicality and (b) adequacy.  Thus, under the PSLRA the plaintiff(s) with the largest financial stake who also meet the procedural requirements and satisfy Federal Rule of Civil Procedure 23 will be presumed to be the plaintiff most capable of representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (2000).

### 1.    Certification

The PSLRA requires each potential lead plaintiff to "provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that – "

> (I) states that the plaintiff has reviewed the complaint and authorized its filing;
> (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title [15 U.S.C. §§ 78a et seq.];
> (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
> (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
> (v) identifies any other action under this title [15 U.S.C. §§ 78a et seq.], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and
> (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. § 78u-4(a)(2)(A).  "This information is required so that the court may be

of the requirements of the statute outlined here.

assured that the named plaintiff has suffered more than a nominal loss, is not a

professional plaintiff, and is otherwise interested and able to serve as a class

representative." In re: USEC Sec. Litig., 168 F. Supp. 2d 560, 564 (D. Md. 2001).

    The New Mexico Funds submitted certifications along with their moving papers

that clearly satisfy the requirements set forth above.  Specifically, the New Mexico Funds

included the declarations of Gary King, Attorney General for the State of New Mexico,

who is legally authorized to represent both the New Mexico Educational Retirement

Board and the Public Employees Retirement Association of New Mexico (collectively,

the New Mexico Funds).  The court is satisfied that these certifications comport with the

requirements of the PSLRA.  At oral argument it was clear that none of the competing

lead plaintiffs dispute the accuracy or adequacy of the information furnished by Mr. King.

I therefore find that the New Mexico Funds have satisfied this requirement under the

statute.

### 2.    Notice

    The PSLRA also requires plaintiffs to comply with specific notice procedures

within 20 days of filing a complaint.  15 U.S.C. § 78u-4(a)(3)(A)(1).  This notice is in

addition to any notice required under the Federal Rules of Civil Procedure.  The plaintiff

must publish notice of the action in "a widely circulated national business-oriented

publication or wire service" advising of the action, the claims asserted therein, and the

class period."  §§ 77z-1(a)(3)(A)(I), 78u-4(a)(3)(A)(1).  Within sixty (60) days after

publication of that notice, any person who is a member of the proposed class may apply to the court to be appointed lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A) and (B).  The New Mexico Funds timely filed their motion to be lead plaintiff in response to the statutory notice of the action, therefore, they satisfy this requirement, nor have any of the competing plaintiffs objected on this ground to the presumption that the New Mexico Funds should be appointed lead plaintiff.

The court should, however, exercise its "independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA, that is, encourageing the most adequate plaintiff, the plaintiff with the largest financial stake in the outcome of the litigation, to come forward and take control of the litigation." Janovici v. DVI, Inc., et al., No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *11 (citing authorities).[6]  After an independent review of the notice provided in this case, I am satisfied that requirements of the PSLRA have been met.

### 3.     Rule 23 requirements

#### a)     Typicality

The typicality requirement is satisfied if the plaintiff, as a result of the same course of conduct, suffered the same injuries as the absent class members, and their claims are based on the same legal issues.  Janovici v. DVI, Inc., et al., No. 03-4795, 2003 U.S. Dist.

---

[6]The notice to which the New Mexico Funds responded is included in their moving papers.  I have reviewed this document and am satisfied that it was adequate under the PSLRA independent of the notice it provided to any of the prospective plaintiffs appearing at the hearing.

LEXIS 22315, at *23 (citing <u>Weiss v. York Hosp.</u>, 745 F.2d 786, 809 n.36 (3d Cir. 1982).

There is no dispute that any of the competing plaintiffs would satisfy this requirement.

                      *b)*       *Adequacy*

The adequacy requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of other class members." <u>Suprema Specialties</u>, 206 F. Supp. 2d 627, 633 (D.N.J. 2001).  As Judge Davis points out in <u>Janovici</u>, the Third Circuit has held that to meet the adequacy requirement, the proposed lead plaintiff must have the ability and incentive to represent the claims of the class vigorously, have obtained adequate counsel, and be able to show that there is no conflict between the movant's claims and those asserted on behalf of the class.  No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *23; <u>see also</u> <u>In re: Cendant Corp. Litig.</u>, 264 F.3d 201, 265 (3d Cir. 2001).

In light of the parallel nature of the claims asserted in this case, the question of adequacy, like the question of typicality is not difficult to resolve.  Like all other class members, the New Mexico Funds purchased Sterling common stock on the open market during the class period at prices artificially inflated by the materially false and misleading statements issued by the defendants, and were damaged as a result.  Thus, the New Mexico Funds meets both traditional requirements of Rule 23.

                      *c)*       *Competent counsel and fee structure*

The Third Circuit, in <u>In re Cendant Corp. Securities Litigation</u>, expanded the

traditional two Rule 23 requirements to include a third element: that the presumptive lead plaintiff "has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel."  In re Cendant Corp., 264 F.3d at 263.  "Information about the firm selected and its ability to conduct the litigation, as well as the manner in which the fee structure was derived, were found to be indicia of whether the lead plaintiff was capable of representing the class."  MANUAL FOR COMPLEX LITIGATION, FOURTH 538 (2004).  Based on submissions at oral argument, as well as the firm biography and the certifications of Gary King included with the New Mexico Funds' motion, I am sufficiently persuaded that the New Mexico Funds have met this additional requirement under Rule 23 in securities class actions.[7]

### C.    Rebuttal of Presumption

The two primary grounds for rebutting the presumption of adequacy under the PSLRA are that the plaintiff either "will not fairly and adequately protect the interests of the class" or is subject to unique defenses that impair the plaintiff's ability to do so.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (2000).  None of the other proposed lead plaintiffs have sought to rebut the presumption that the New Mexico Funds should serve as lead plaintiff pursuant to the PSLRA on either of these grounds.  I will therefore appoint the New Mexico Funds to serve as lead plaintiff in this litigation.

---

[7]While I have determined for the purpose of deciding the present motions that the New Mexico Funds satisfy the Rule 23 adequacy and typicality requirements, the question may be revisited at the class certification stage.  See In re: Lucent Techs., Inc. Sec. Litig., 194 F.R.D. 137 150 n.17 (D.N.J. 2000).

IV.   LEAD COUNSEL

Under the PSLRA, the selection of lead counsel rests with the lead plaintiff, subject to approval by the court.  15 U.S.C. § 78u-4(a)(3)(B)(v) (2000).  Factors considered by courts in assessing the counsel chosen include: the selection process used by the lead plaintiff, the proposed fee structure, whether the firm has adequate resources, and the extent of the firm's (and lead attorney's) experience in class action securities cases.  See MANUAL FOR COMPLEX LITIGATION, FOURTH 538 (2004).  Given the general principles underlying the PSLRA, the court should also be sensitive to the potential for a proposed lead counsel to commandeer the plaintiff's action, resulting in the lawyer-driven litigation that the PSLRA was designed to avoid.  See id.  I have reviewed the Cauley Bowman Carney & Williams firm biography, and find the firm to have significant experience in complex litigation in general, and securities class action litigation in particular.  I will therefore not disturb the lead plaintiffs' choice of lead counsel.

V.   LIAISON COUNSEL

The MANUAL FOR COMPLEX LITIGATION defines liaison counsel as follows:

Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions.  Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts.  Liaison counsel will usually have offices in the same locality as the court.  The court may appoint (or the parties may select) a liaison for each side, and if their functions are strictly limited to administrative matters, they need not be attorneys.

11

MANUAL FOR COMPLEX LITIGATION, FOURTH 25 (2004).  Having reviewed the information provided by the New Mexico Funds concerning the firm of Golomb & Honik, P.C., and with no objection to the selection of this firm by the New Mexico Funds from any other party concerned, I will approve the selection of Golomb & Honik, P.C. to serve as liaison counsel in this litigation.

**VI.     CONCLUSION**

         In light of the foregoing, I will grant the motion by the New Mexico Funds for consolidation, for appointment as lead plaintiff and for appointment of lead and liaison counsel filed in <u>Buckwalter v. Sterling Financial</u>, Civ. A. No. 07-2171 (Document #14). All other pending motions are accordingly denied.  An appropriate Case Management Order follows, setting out the procedures for future filings in this newly consolidated action, the duties of lead plaintiff and lead and liaison counsel, and a briefing schedule for the filing of an amended consolidated complaint by the New Mexico Funds.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **IN RE: STERLING FINANCIAL** | : | |
| **CORPORATION SECURITIES** | : | **MDL DOCKET NO. 1879** |
| **CLASS ACTION** | : | |
| | : | |
| | : | |
| | : | |

|  |  |  |
|---|---|---|
| | : | |
| **RAYMOND BUCKWALTER,** | : | |
| **individually and on behalf of all others** | : | |
| **similarly situated** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-2171** |
| | : | |
| **STERLING FINANCIAL** | : | |
| **CORPORATION, et al.,** | : | |
| **Defendants** | : | |

|  |  |  |
|---|---|---|
| | : | |
| **KEVIN SIMPSON, individually and on** | : | |
| **behalf of all others similarly situated** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | **NO. 07-2497** |
| **v.** | : | |
| | : | |
| **STERLING FINANCIAL** | : | |
| **CORPORATION, et al.,** | : | |
| **Defendants** | : | |

|  |  |  |
|---|---|---|
| | : | |
| **PAUL A. MILLER, REGINA A.,** | : | |
| **MILLER, individually and on behalf of** | : | |
| **all others similarly situated** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **NO. 07-2694** |
| | : | |
| **STERLING FINANCIAL** | : | |
| **CORPORATION, et al.,** | : | |
| **Defendants** | : | |

| | | |
|---|---|---|
| **KENNETH G. STOUDT,** | : | |
| **individually and on behalf of all others** | : | |
| **similarly situated** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-2914** |
| | : | |
| **STERLING FINANCIAL** | : | |
| **CORPORATION, et al.,** | : | |
| **Defendants** | : | |
| | : | |
| **FREDERICA F. HAAS,** | : | |
| **individually and on behalf of all others** | : | |
| **similarly situated** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-3094** |
| | : | |
| **STERLING FINANCIAL** | : | |
| **CORPORATION, et al.,** | : | |
| **Defendants** | : | |
| | : | |
| **STEVE MARCRINA,** | : | |
| **individually and on behalf of all others** | : | |
| **similarly situated** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-4744** |
| | : | |
| **J. ROGER MOYER, JR., et al.,** | : | |
| **Defendants** | : | |
| | : | |
| **BRIAN JOHNSON,** | : | |
| **individually and on behalf of all others** | : | |
| **similarly situated** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-4787** |
| | : | |
| **STERLING FINANCIAL** | : | |

| | | |
|---|---|---|
| **CORPORATION, et al.,** | : | |
| **Defendants** | : | |
| | : | |
| **JEFFREY M. COOLEY,** | : | |
| **individually and on behalf of all others** | : | |
| **similarly situated** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-4788** |
| | : | |
| **STERLING FINANCIAL** | : | |
| **CORPORATION, et al.,** | : | |
| **Defendants** | : | |
| | : | |
| **CASTLE STRATEGIC TRADING, Inc.,** | : | |
| **individually and on behalf of all others** | : | |
| **similarly situated** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-4726** |
| | : | |
| **J. ROGER MOYER, JR., et al.,** | : | |
| **Defendants** | : | |

## <u>CASE MANAGEMENT ORDER</u>

**STENGEL, J.**

     **AND NOW**, this        day of December, 2007, upon consideration of the parties'

motions to consolidate, to be appointed lead plaintiff, and to appoint lead and liaison counsel,

together with their supporting documents and oral arguments made in a hearing held on

December 18, 2007, it is hereby **ORDERED** as follows:

## I.     **CONSOLIDATION**

     1.     The motion of **New Mexico Funds** in <u>Buckwalter v. Sterling Financial, et al.</u>, 07-

CV-2171, for Appointment as Lead Plaintiff, Approval of Selection of Lead

Counsel, and Consolidation of Related Cases (Document #14), is hereby

**GRANTED** in all respects.

2.      Civil Action Nos. 07-2171, 07-2497, 07-2694, 07-2914, 07-3094, 07-4744, 07-

4787, 07-4788, and 07-4726 are hereby **CONSOLIDATED**, pursuant to Federal

Rule of Civil Procedure 42(a), for all purposes, including discovery and trial.  All

pleadings, motions, discovery, and other matters in all cases shall be filed at **Civil**

**Action No. 07-2171 as the LEAD CASE**.

3.      A copy of this Order shall be docketed at Civil Action Nos. 07-2171, 07-2497, 07-

2694, 07-2914, 07-3094, 07-4744, 07-4787, 07-4788, and 07-4726 as well as

under the **MDL Docket No. 07-1879**.

4.      The Clerk of the Court is directed to **CLOSE** Civil Action Nos. 07-2497, 07-

2694, 07-2914, 07-3094, 07-4744, 07-4787, 07-4788, and 07-4726 **for all**

**purposes**.

5.      All papers filed in the consolidated action shall have the following caption:

|  | | |
|---|---|---|
| | : | |
| **IN RE: STERLING FINANCIAL** | : | **MDL DOCKET NO. 1879** |
| **CORPORATION SECURITIES** | : | |
| **CLASS ACTION** | : | **CIVIL ACTION NO. 07-2171** |
| | : | |
| | : | |

6.      All procedures established for "tag-along" actions and actions transferred or

removed to this Court in the Practice and Procedure Order of November 8, 2007

remain in place.

4

7. Any case that arises out of the subject matter of the consolidated action which is filed in this Court or transferred to this Court, shall be **CONSOLIDATED** with **Civil Action No. 07-2171** and this Order shall apply thereto, unless a party objects to the consolidation, as provided herein, or any provision of this Order, within **ten (10) days** after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief.  Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to the consolidation of any subsequently-filed or transferred related action.

8. To the extent that this Court's Practice and Procedure Order of November 8, 2007 conflicts with the present Case Management Order, the Case Management Order shall govern, subject to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

## II.   LEAD PLAINTIFFS

1. Having considered the provisions of § 21D(a)(3)(B) of the PSLRA, 15 U.S.C. 78u-4(a)(3)(B), the Court has determined that the **New Mexico Funds** are the most adequate plaintiffs and satisfy the requirements of the PSLRA.  The Court therefore appoints the New Mexico Funds as Lead Plaintiffs to represent the interests of the class in this action.

2. All other competing motions not already withdrawn are accordingly **DENIED**.

3. Counsel for New Mexico Funds shall file an amended complaint within **sixty (60)** days of this Order, in accordance with the Court's ruling.

**III.   LEAD COUNSEL**

1.    Pursuant to § 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), New
Mexico Funds has selected and retained the law firms of **Cauley Bowman
Carney & Williams, PLLC** ("Cauley Bowman") as Lead Counsel and **Golomb
& Honik, P.C.**, as Liaison Counsel, to represent them in this litigation.  The
Court hereby approves the Lead Plaintiffs' selection of Lead and Liaison Counsel.
This approval is subject to later modification or revision by the Court.

2.    All other competing motions not already withdrawn are accordingly **DENIED**.

3.    With the approval of the Court, lead counsel shall assume and exercise the
following powers and responsibilities:

    a.    To sign the consolidated complaint and any motion, brief, discovery
request, objection, stipulation, or notice; and to brief and argue motions;

    b.    To coordinate the conduct of written discovery;

    c.    To coordinate the examinations of witnesses in depositions, and employ
and consult with experts;

    d.    To coordinate the selection of counsel to act as spokesperson at pretrial
conferences;

    e.    To call meetings of the plaintiffs' counsel as they deem necessary and
appropriate;

    f.    To conduct all settlement negotiations with counsel for the defendants;

    g.    To coordinate and direct the preparation for trial, to represent the plaintiffs
at trial and to delegate work responsibilities to selected counsel as may be

6

required;

h.      To receive orders, notices, correspondence, and telephone calls from the Court on behalf of all plaintiffs, and to distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court **including this Order**;

i.      To maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; and to keep a complete file of all papers and discovery materials filed or generated in this consolidated action, which shall be available to all plaintiffs' counsel at reason; and

j.      To supervise any other matters concerning the prosecution or resolution of the consolidated actions.

4.      With respect to scheduling and/or procedural matters, defendants' counsel may rely upon all agreements with lead counsel.

5.      No pleadings or other papers shall be filed or discovery conducted by any plaintiff except as directed or undertaken by lead counsel.

6.      Plaintiff's counsel in any action consolidated with 07-2171 shall be bound by this organizational structure.

## IV.    SCHEDULING

1.      The New Mexico Funds shall file an **Amended Consolidated Complaint** within sixty **(60) days** from the date of this Order.

2.      The Defendants' shall respond within sixty **(60) days** of the filing of the Amended Consolidated Complaint.

7

3.      If the Defendants respond by moving to dismiss this consolidated action; the New

Mexico Funds shall respond within forty-five **(45) days**.

4.      Defendants shall file any reply to the New Mexico Funds' response within twenty-

one **(21) days**; the New Mexico Funds shall have fourteen **(14) days** to file a sur-

reply.


BY THE COURT:


_____

LAWRENCE F. STENGEL, J.

8